IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES FREEMAN, | : |
|       Movant/Defendant, | : |
| v. | : Civ. Act. No. 13-822-LPS |
| | : Cr. Act. No. 09-38-LPS |
| UNITED STATES OF AMERICA, | : |
|       Respondent/Plaintiff. | : |

James Freeman.
    *Pro se* Movant.

Robert Kravetz, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.
    Attorney for Respondent.

## MEMORANDUM OPINION[1]

March 18, 2016
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Joseph J. Farnan, Jr., and was re-assigned to the undersigned's docket on September 7, 2011.

STARK, U.S. District Judge:

## I. INTRODUCTION

James Freeman ("Movant") filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 70) The United States ("Government") filed an Answer in Opposition. (D.I. 74) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

In April 2009, a grand jury returned an Indictment charging Movant with the following two offenses: (1) possession with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(A); and (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(D). (D.I. 10) In October 2009, a grand jury returned a Superseding Indictment against Movant, which charged the original two offenses and added a violation of 21 U.S.C. § 846 to Count Two (marijuana offense). (D.I. 30)

On December 17, 2010, Movant pled guilty to the counts charged in the Superseding Indictment. (D.I. 44) The Honorable Joseph J. Farnan, Jr. sentenced Movant on May 13, 2010 to 240 months' imprisonment on Count One and 120 months' imprisonment on Count Two, to run concurrently with one another. (D.I. 55; D.I. 56)

Movant appealed. The United States Court of Appeals for the Third Circuit affirmed in part, vacated in part, and remanded. *See United States v. Freeman*, 435 F. App'x 99 (3d Cir. 2011). Specifically, the Third Circuit affirmed the 240 month sentence for Count One, but *sua sponte* vacated the 120 month sentence imposed on Count Two for exceeding the statutory maximum of 60 months, and remanded for resentencing within the statutory maximum for that Count. *Id.* at 103. Thereafter, Movant's case was reassigned to this Court's docket. On January 3, 2012, the Court

conducted a re-sentencing hearing and imposed a 60 month sentence for Count Two, to run concurrently with the 240 month sentence imposed for Count One. (D.I. 67)

Movant appealed the resentencing. The Third Circuit dismissed the appeal in March 2013 upon Movant's motion. (D.I. 69) In March 2013, Movant filed the instant § 2255 Motion. While his § 2255 Motion was pending, Movant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to reduce his 240 month sentence to 200 months or 168 months, based upon the retroactive application of Amendment 782 of the United States Sentencing Guidelines. (D.I. 80) On January 8, 2016, the Court granted the § 3582 Motion and reduced Movant's Sentence for Count One to 170 months' imprisonment, with all other provisions of the judgment dated January 3, 2012 to remain in effect. (D.I. 82)

### III. DISCUSSION

Movant timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255. In his Motion, Movant asserts the following three grounds for relief:[2] (1) defense counsel's incorrect assurance regarding the maximum sentence Movant would receive by pleading guilty rendered Movant's guilty plea involuntary, unintelligible, and unknowing; (2) defense counsel provided ineffective assistance by failing to object when the Court did not state its reasons for allegedly not granting a three-level reduction for acceptance of responsibility; and (3) the Court impermissibly engaged in plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1).[3]

---

[2]For ease of analysis, the Court has renumbered Movant's claims without changing their substance.

[3]Movant actually cites Rule 11(e)(1) as the section prohibiting the District Court from becoming involved in plea negotiations. However, in the current version of Rule 11, the provision prohibiting court participation in plea negotiations is Rule 11(c)(1).

2

The premise underlying all three Claims in the instant § 2255 Motion is Movant's belief that he should not have been sentenced to more than 168 months of imprisonment, because that is what defense counsel allegedly predicted and what the Government recommended in the Plea Agreement. To the extent the Motion only challenges the 240 month sentence originally imposed, it appears that the Court's January 2016 Order granting a § 3582 reduction in sentence to 170 months' imprisonment renders moot the instant § 2255 Motion, because Movant has received the lowest possible sentence under the controlling statutes. *See Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding actual controversy must exist during all stages of litigation). However, to the extent certain statements in all three Claims challenge the legality of Movant's underlying conviction, it would appear that the recent reduction in Movant's sentence did not moot the Motion. In these circumstances, the Court will exercise prudence and review the instant Motion in its totality.[4]

---

[4]Additionally, although Paragraph 8 of Movant's Plea Agreement (D.I. 44) contains the collateral waiver set forth below, the Government does not assert the waiver as a bar to the instant Motion. Therefore, the Court will address the merits of Movant's three claims. Paragraph 8 states:

> The defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attach, or any other writ or motion in this criminal case after sentencing – including but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code Section 2255 – except that the Defendant reserves his right to appeal only if (1) the government appeals from the sentence, (2) the Defendant's sentence exceeded the statutory maximum for the offense set forth in the United States Code, or (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

(D.I. 44)

3

### A. Claims One and Two: Ineffective Assistance of Counsel

Generally, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A court can choose to address the prejudice prong before the deficient performance prong and can reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *See Strickland*, 466 U.S. at 668. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *See id.* at 689.

#### 1. Claim One: Defense Counsel's Incorrect Sentencing Advice Rendered Movant's Guilty Plea Involuntary

In Claim One, Movant contends that defense counsel assured him that the maximum sentence he would receive if he entered a guilty plea was 168 months of imprisonment, yet he was sentenced to 240 months of imprisonment for Count One. Given the disparity between defense counsel's predicted sentence and the sentence he actually received, Movant contends that he did not enter the guilty plea voluntarily, knowingly, or intelligently. (D.I. 77 at 21-23) Although not entirely

4

clear, Movant also appears to contend that his guilty plea is invalid because defense counsel failed to explain the possibility that he could be sentenced above the sentencing guidelines range. (D.I. 79) For the following reasons, the Court concludes that Movant's arguments are unavailing.

"Solemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, "[d]efense counsel's conjectures to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). Here, the Plea Agreement accurately states that the possible maximum sentence was life imprisonment on Count One and five years on Count Two. The Plea Agreement also explicitly provides that the Government agrees to recommend a sentence at the low-end of the advisory Guidelines range, but that the sentencing judge may "impose a sentence which exceeds, falls below, or is contained within the sentencing range." (D.I. 44 at 1-3) During the plea colloquy, Judge Farnan specifically informed Movant that the maximum sentence for Count One (cocaine charge) was life imprisonment, and that the maximum sentence for Count Two (marijuana charge) was 60 months (five years) of imprisonment. (D.I. 54 at 10) Movant responded that he understood. *Id.* Judge Farnan also informed Movant that, although the "Government is agreeing to recommend a sentence at the low end of the advisory guidelines range," "I'm not bound [] by any agreement between the parties." (D.I. 54 at 11) Again, Movant responded that he understood. (D.I. 54 at 11) Judge Farnan explained that, although he would consult the advisory guideline range "when it comes time for sentencing," he was not bound by the advisory sentencing guidelines range because "the ultimate determination of a sentence is always up to the Judge." (D.I. 54 at 11-12) During the plea colloquy, Movant also indicated he understood the elements of the offenses and the evidence the

5

Government would present if the case went to trial, and he admitted his guilt. (D.I. 54 at 5-10) Movant acknowledged that he had read and discussed the Plea Agreement with defense counsel and that the understood the terms of the Plea Agreement (D.I. 54 at 10); that nobody promised him what the sentence was going to be (D.I. 54 at 11); and that nobody threatened or forced him to plead guilty (D.I. 54 at 16). Judge Farnan explained the constitutional and other trial rights Movant would be waiving by pleading guilty, and Movant acknowledged that he understood. (D.I. 54 at 16-9)

This record clearly establishes that Judge Farnan conducted an adequate plea colloquy which corrected any erroneous information defense counsel may have provided regarding a predicted sentence or the likelihood of an above-Guidelines sentence. Additionally, Movant has not provided objective evidence that he would not have pled guilty but for defense counsel's alleged inaccurate sentencing advice.[5] Since Movant has failed to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true, he is bound by the representations he made during the plea colloquy. Given these circumstances, the Court concludes that Movant's guilty plea was voluntary, knowing, and intelligent, and that Movant has failed demonstrate a reasonable probability that he would have proceeded to trial but for defense counsel's alleged erroneous sentencing mistakes. Accordingly, the Court will deny Claim One as meritless.

---

[5]The Court does not view the "affidavits" provided by Movant's wife and father as objectively credible evidence. (D.I. 70 at 27-37)

### 2. Claim Two: Defense Counsel Failed to Raise Issue of Acceptance of Responsibility Sentence Reduction

In Claim Two, Movant contends that defense counsel erred by not objecting to Judge Farnan's failure to give him a three-level Guidelines reduction for Acceptance of Responsibility. This argument is factually baseless. During the sentencing hearing, Judge Farnan informed Movant and defense counsel that the Guidelines range of imprisonment was 168-210 months. (D.I. 5 at 3) This range was based on the Presentence Investigation Report's conclusion that Movant's Total Offense Level was 31, which, in turn, included a three-level reduction for Acceptance of Responsibility. (D.I. 75, PSR at ¶¶ 31-33, 45, 67) In short, the 168-210 month Guidelines range was calculated correctly, and Movant's 240 month sentence for Count One was not the result of Judge Farnan's failure to factor in a three-level Guidelines reduction for Acceptance of Responsibility. Rather, the 240 month sentence was due to Judge Farnan's decision to vary upward from the Guidelines range, which the Third Circuit affirmed on direct appeal. *See Freeman*, 435 F. App'x at 102-03 (holding "the District Court acted within its discretion in rejecting [Movant's colorable arguments in mitigation]"). For these reasons, the Court will deny Claim Two as meritless.

### B. Claim Three: District Court Impermissibly Engaged in Plea Negotiations

Finally, Movant contends that he was deprived of his due process rights because Judge Farnan impermissibly participated in his plea negotiations in violation of Federal Rule of Criminal Procedure 11(c)(1). According to Movant, Judge Farnan's following statement during the plea colloquy led "him to believe that, if he pled guilty, the Court was going to impose a sentence based on the recommendation by the [Government]" (D.I. 70 at 11):

> You understand I'm not bound by [the Government's sentencing recommendation] or by any agreement the parties.

\* \* \*

> But I'll tell you that if the Government and your attorney []
> recommends – I'm not sure [your attorney] is going to recommend
> even less – if they do, I'm more likely to go along with the
> Government's recommendation at least as a minimal matter. []
>
> \*          \*          \*
>
> You're getting some bargain here in the plea agreement by getting that
> recommendation at least.

(D.I. 54 at 11-12) Although the Court is not entirely persuaded that Claim Three presents an issue cognizable on § 2255 review,[6] it will exercise prudence and review it in this proceeding.

A district court impermissibly participates in plea negotiations only if the participation contributes to a defendant's decision to enter a guilty plea. *See United States v. Ebel*, 299 F.3d 187, 191 (3d Cir. 2002) (holding that district court's statements "go beyond discussing how a possible plea would affect trial scheduling and go beyond ensuring that Ebel understood the plea bargain"). Here, Judge Farnan's comment during the plea colloquy cannot reasonably be characterized as impermissible participation in the plea negotiations. Judge Farnan did not say that he was going to impose the sentence recommended by the Government but, rather, that he was more likely to go with the Government's recommendation than with a recommendation made by defense counsel. The statement occurred after Movant had admitted his criminal conduct, after the Court had set forth the maximum penalties, and after the Court had explained that it was not bound by any agreement of the parties. (D.I. 54 at 6-11) In addition, the Plea Agreement was already finalized and signed prior to the statement at issue, and the statement did not change any terms of the

---

[6]*See United States v. Davila*, 133 S.Ct. 2139, 2149 (2013) (noting that Rule 11(c)(1) was "adopted as a prophylactic measure" and is "not one impelled by the Due Process Clause or any other constitutional requirement"); *United States v. Timmreck*, 441 U.S. 780, 784-85 (1979) ("[W]e find it unnecessary to consider whether § 2255 relief would be available if a violation of Rule 11 occurred in the context of other aggravating circumstances. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule.").

Agreement. (D.I. 44; D.I. 54 at 2) Given these circumstances, Movant has failed to demonstrate that Judge Farnan's statement violated Rule 11(c)(1).

In turn, even if the Court were to assume, for the sake of analysis, that the comment constituted improper participation in Movant's plea negotiations in violation of Rule 11, Movant can only obtain relief by demonstrating that the error affected his "substantial rights." Fed. R. Crim. P. 11(h). To satisfy this burden, Movant must demonstrate it was "reasonably probable that, but for the [Judge's] exhortations, [the defendant] would have exercised his right to go to trial." *Davila*, 133 S.Ct. at 2150; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (holding that defendant can only obtain relief under Rule 11 by demonstrating "reasonable probability that but for the error, [he] would not have entered a guilty plea").

After reviewing the entire record, the Court concludes that Movant has failed to meet this burden. The evidence of guilt on the crimes charged in the Superseding Indictment was overwhelming. The record demonstrates Movant's awareness that he faced a maximum life sentence if convicted on Count One. By pleading guilty, Movant obtained the benefit of the Government's recommendation for a sentence at the low-end of the guidelines sentence. Moreover, during the plea colloquy, Movant consistently conceded his guilt and acknowledged the strength of the Government's case against him. He even explicitly stated that he "wouldn't' even take [the case] to trial" because he knew "was wrong for doing so," and he wanted to plead guilty in order to "get this chapter of my life behind me and proceed on." (D.I. 54 at 6) Given all of these circumstances, the Court is not persuaded that there is a reasonable probability the Movant would not have pled guilty but for Judge Farnan's comment. Accordingly, the Court will deny Claim Three.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the Movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Movant is not entitled to relief. Therefore, the Court will deny Movant's § 2255 Motion without an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant's claims lack merit, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court will issue an appropriate Order.